UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | |
|---|---|
| JENNIFER FORCHT, *as personal representative of the Estate of Theodore B. Forcht*,<br><br>    **Plaintiff,**<br><br>V.<br><br>NANCY FORCHT and PRUDENTIAL INSURANCE AGENCY, LLC,<br><br>    **Defendants.** | CIVIL ACTION NO. 6:19-190-KKC<br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Plaintiff's motion to remand. Plaintiff Jennifer Forcht originally brought suit in Kentucky state court against Defendants Nancy Forcht and Prudential Insurance Agency, LLC ("Prudential").[1] (DE 1.) Prudential removed the case to this Court. (DE 1.) For the reasons stated below, the Court grants Plaintiff's motion and, accordingly, denies any other outstanding motions as moot.

**Background**

In January 1994, Theodore B. Forcht obtained a life insurance policy from Prudential. (DE 1-2 at 3.) At the time, Theodore was married to Defendant Nancy Forcht; the named beneficiary of the policy was "Nancy Forcht, Wife." (DE 1-2 at 3.) The couple divorced in November 2005 and entered into a property settlement agreement which purportedly "specifically relinquished any and all claims to each other's life insurance policies." (DE 1-2 at 3.) Theodore and Plaintiff were subsequently married and, on June 3, 2019, Theodore died.

---

[1] Prudential notes that it has been incorrectly sued in this action and that the entity's correct name is The Prudential Insurance Company of America. (DE 1 at 1.) However, as of the date of this opinion and order, no motion has been brought to correct this inaccuracy.

1

(DE 1-2 at 2.) Following Theodore's death, Nancy made a claim for proceeds of the life insurance policy. (DE 1-2 at 3.)

On June 28, 2019, Plaintiff brought suit in Whitley Circuit Court, seeking a declaration of rights under KRS § 418.045 and punitive damages. (DE 1-1 at 4-5.) The suit named both Nancy and Prudential as defendants. (DE 1-1.) Plaintiff subsequently filed an amended complaint, a copy of which was first received by Prudential on July 24, 2019. (DE 1 at 1-2.) Prudential filed a notice of removal in this Court on August 7, 2019 pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a). (DE 1.) On August 30, 2019, Plaintiff filed a motion to remand the case to Whitley Circuit Court. (DE 7.) Plaintiff argues, *inter alia*, that removal is improper because of the domestic relations exception to diversity jurisdiction. (DE 7-1 at 2.)

## Analysis

### I. Standard

On a motion to remand, the defendant bears the burden to show that this Court has jurisdiction. *Eastman v. Marine Mech. Corp.*, 438 F. 3d 544, 549 (6th Cir. 2006); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). Original jurisdiction exists through either diversity of citizenship, *see* 28 U.S.C. §§ 1332(a) and 1441(b), or federal question jurisdiction, *see* 28 U.S.C. §§ 1331 and 1441(a). When there are any doubts as to the propriety of removal, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F. 3d at 550 (citation and internal quotation marks omitted).

### II. Discussion

In *Barber v. Barber*, 21 How. 582 (1859), the Supreme Court held "that the federal courts have no jurisdiction over suits for divorce or the allowance of alimony." *Ankenbrandt v. Richards*, 504 U.S. 689, 693 (1992). In the years following *Barber's* initial articulation of

the domestic relations exception, "the lower federal courts… applied it in a variety of circumstances," many of which went "well beyond the circumscribed situations posed by *Barber* and its progeny." *Id.* at 701. The Supreme Court clarified in *Ankenbrandt* that the exception extends only to "cases *involving* the issuance of a divorce, alimony, or child custody decree." *Id.* at 704 (emphasis added). Although the Sixth Circuit held in *Catz v. Chalker* that the exception only applies if "a plaintiff positively sues in federal court for divorce, alimony, or child custody," 142 F.3d 279, 292 (6th Cir. 1998), that court has more recently held in *Chevalier v. Estate of Barnhart* that the exception applies "if the plaintiff seeks to modify or *interpret* the terms of an existing divorce, alimony, or child-custody decree." 803 F.3d 789, 795 (6th Cir. 2015) (emphasis added). Several courts within this circuit have since cited the "interpret" language from *Chevalier*. *E.g., Alexander v. Rosen*, 804 F.3d 1203, 1205 (6th Cir. 2015); *Moore v. Council*, No. 18-cv-105-DLB, 2018 WL 3150677, at *5 (E.D. Ky. June 27, 2018); *Stephens v. Smith*, No. 1:16-cv-P106-GNS, 2017 WL 1017592, at *3 (W.D. Ky. Mar. 15, 2017). *Chevalier* instructs that courts should "focus on the remedy that the plaintiff seeks," and that the exception does not apply unless the parties are asking the court to perform certain "status-related functions – issuing a divorce, alimony, or child-custody decree," 803 F.3d at 797; however, that same opinion also articulates the following standard: "Does the plaintiff seek an issuance or modification or *enforcement* of a divorce, alimony, or child-custody decree?" *Id.* (emphasis added).

None of the parties are asking the Court to issue or modify a divorce, alimony, or child-custody decree; this appears undisputed. Rather, Plaintiff insists that "interpretation of the Property Settlement Agreement, which was expressly incorporated by the Final [Divorce] Decree, is the only issue for the Court to determine." (DE 7-1 at 4.) Even if this is not "the only issue," the Court finds that resolution of this matter – including the various crossclaims

3

and counterclaims – would unavoidably involve interpretation of the property settlement agreement and divorce decree at issue. Further, Plaintiff's suit effectively asks the Court to enforce the agreement and decree, the extent to which they obligate Nancy to relinquish any claim as beneficiary of the deceased's life insurance policy. Although the facts here may not exactly match the paradigmatic examples considered by the *Chevalier* court, this Court finds that binding Sixth Circuit precedent nonetheless compels remand.

## Conclusion

Accordingly, the Court hereby orders that:

1) Plaintiff's motion to remand (DE 7) is GRANTED;

2) Defendant's motion to sever (DE 13) is DENIED without prejudice as moot;

3) this matter is REMANDED to Whitley Circuit Court; and

4) this matter is STRICKEN from the Court's active docket.

Dated January 9, 2020.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY